UNITED STATES of America, Plaintiff,

v.

Ronald Norman BASCUE and Robbie Len Bascue, Defendants.

Nos. Civ. 98–68–FR, CR. 92–169–FR.

United States District Court, D. Oregon.

May 12, 1998.

Kristine Olson, U.S. Atty., John F. Deits, Asst. U.S. Atty., Portland, OR., for plaintiff.

Ronald Norman Bascue, Seattle, WA, pro se.

Robbie Len Bascue, Federal Prison Camp, Sheridan, OR, pro se.

## OPINION

FRYE, District Judge.

The matter before the court is the motion of defendant Ronald Norman Bascue and the motion of defendant Robbie Len Bascue under 28 U.S.C. § 2255, to vacate, set aside or correct the sentence imposed by this court (# 314).

## BACKGROUND

The defendants, Ronald Norman Bascue and Robbie Len Bascue, were each convicted by a jury of two counts of the crime of the transfer of machine guns, in violation of 18 U.S.C. § 922(*o*), and two counts of the crime of possession of machine guns, in violation of 18 U.S.C. § 922(*o*).

On September 18, 1995, this court sentenced Robbie Len Bascue to a term of imprisonment of 51 months and sentenced Ronald Norman Bascue to a term of imprisonment of 87 months.

The defendants appealed.

On September 26, 1996, the United States Court of Appeals for the Ninth Circuit denied the consolidated appeals of the defendants in an unpublished memorandum. *United States v. Bascue,* 97 F.3d 1461 (9th Cir.1996) (mem.). Both defendants petitioned for *certiorari* to the United States Supreme Court. These petitions were denied. *Bascue v. U.S.,* —— U.S. ——, 117 S.Ct. 991, 136 L.Ed.2d 872 (1997), and *Bascue v. U.S.,* —— U.S. ——, 117 S.Ct. 1848, 137 L.Ed.2d 1051 (1997).

On January 15, 1998, the defendants filed a motion under 28 U.S.C. § 2255 to vacate, set aside or correct their sentences on the grounds that (1) their convictions under 18 U.S.C. § 922(*o*) are legal impossibilities because the transferors, not the transferees, were required to register the machine guns, and the firearms dealers from whom the defendants were purchasing parts were violating the law by failing to register the machine gun parts with the Bureau of Alcohol, Tobacco and Firearms of the United States government (ATF); (2) the government withheld information from the defendants; and (3) the legal assistance provided by their lawyers was ineffective.

The government opposes the motions under 28 U.S.C. § 2255. The government contends that the firearms dealers from whom the defendants were purchasing parts were not violating any firearms regulations; that the government did not withhold any information from the defendants; and that the defendants have not shown the required elements for claims of the ineffective assistance of counsel.

## APPLICABLE LAW

28 U.S.C. § 2255 provides, in part:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is other-

wise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence. A petitioner is entitled to an evidentiary hearing on the motion to vacate his sentence under 28 U.S.C. § 2255, unless the:

motions and the files and records of the case conclusively show that the prisoner is entitled to no relief. This inquiry necessitates a twofold analysis: (1) whether the petitioner's allegations specifically delineate the factual basis of his claim; and, (2) even where the allegations are specific, whether the records, files and affidavits are conclusive against the petitioner.

United States v. Taylor, 648 F.2d 565, 573 (9th Cir.), cert. denied, 454 U.S. 866, 102 S.Ct. 329, 70 L.Ed.2d 168 (1981) (internal quotations, citations and footnote omitted).

## ANALYSIS

### 1. Legal Impossibility

The defendants contend that it is a legal impossibility for them to be convicted under 18 U.S.C. § 922(o) because they received parts for the firearms in question from the manufacturer/distributor, R.P.B., who was required to register the parts for the firearms prior to selling them to the defendants. Because the firearms dealers failed to register the parts for the firearms prior to selling them to the defendants, the defendants contend that "it is legally impossible for the BATF to work with or in conjunction with prosecution in the conviction of victims [sic], like Ronald and Robbie Bascue, as they would not be the subject of any investigation because of prior registry." Motion to Vacate, Set Aside or Correct Sentence, p. 8.

The government contends that the defendants are wrong about the legality of the conduct of the firearms dealers. In addition, the government contends that the asserted failure of the firearms dealers to register the parts prior to selling them to the defendants could not excuse the unlawful conduct of the defendants.

 Russell Weeks of R.P.B. testified at the trial that selling the "flats" (metal pieces that need to be bent to form a frame or a receiver of a firearm) without holes drilled for machine gun parts called "auto sears" is not illegal and does not require registration with the ATF. (RT 966–68). The defendants point to no statute or regulation violated by the firearms dealer and no statute or regulation excusing the making, possessing and transferring of machine guns by the defendants.

### 2. Withheld Information

The defendants contend that the prosecution knew or should have known that the firearms dealers who sold parts to the defendants were required to register with the ATF.

There was no evidence presented at trial and there is no evidence in this record that the firearms dealers who sold firearms parts to the defendants violated any law by failing to register with the ATF. The prosecutor did not withhold information from these defendants or their counsel.

### 3. Ineffective Assistance of Counsel Defense

The defendants contend that their lawyers were ineffective in that they were not aware of the alleged illegal conduct of the firearms dealers. In addition, defendant Robbie Bascue claims that his counsel did not allow him to testify or make a statement at sentencing which resulted in the loss of the acceptance of responsibility adjustment to the sentencing guidelines.

 To prevail on a claim of the ineffective assistance of counsel, a petitioner must show both (1) that the attorney's performance fell below an objective standard of reasonableness; and (2) that the performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689, 104 S.Ct. 2052. To establish the second prong of the Strickland test, a defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S.Ct. 2052.

**1142**

As the court has already stated, there was no evidence that the firearms dealers acted illegally. Defense counsel did not fall below any objective standard of reasonableness in evaluating the conduct of the firearms dealers.

As to the second argument, the defendants allege:

> Ronald was given some amount of credit for statements and testimony given, but this was denied Robbie, thru [sic] no fault of his own, because defense counsel and Ronald, decided for him that he should remain moot.... Robbie was emphatically told by Mark Blackman, his attorney, that he would not be allowed to make any statement, or be allowed to testify, under his counsel.

Motion to Vacate, Set Aside or Correct Sentence, p. 15. The defendants indicate that "Robbie was advised strongly by counsel that nothing should be said, because of the appeal that was being readyed [sic] for the U.S. Supreme Court." *Id.* at 5.

A decision by Robbie Bascue to remain silent based upon the advice of his father, Ronald Bascue, will not implicate his right·to counsel. Counsel in this case appealed the case to the Ninth Circuit Court of Appeals and petitioned for *certiorari* to the United States Supreme Court on a number of legal issues. The advice of counsel to his client to remain silent pending appeal to protect his client from making incriminating statements that could be used by the government in the event the conviction was overturned and the case retried was reasonable legal advice. The defendants were ably represented by competent counsel at all stages of the proceedings. The court has reviewed their motion under 28 U.S.C. § 2255 and finds no basis for relief for the ineffective assistance of counsel.

### CONCLUSION

There are no matters raised which require an evidentiary hearing. The motion of defendant Ronald Norman Bascue and defendant Robbie Len Bascue under 28 U.S.C. § 2255 to vacate, set aside or correct· the sentence imposed by this court (# 314) is denied.